85 U.S. 125
 21 L.Ed. 812
 18 Wall. 125
 UNITED STATES
v.
BUZZO.
 October Term, 1873
 
 ON certificate of division of opinion between the judges of the Circuit Court for the Eastern District of Michigan; the case being thus:
 An Internal Revenue Act[1] of 1866 enacts
 'That any person who shall make . . . or issue any instrument, document, or paper, of any kind or description whatsoever, . . . for the payment of money, without the same being duly stamped, . . . with intent to evade the provisions of this act, shall for every such offence forfeit the sum of $50,' &c.
 Under this act an information was filed against one Buzzo, charging him, as clerk of the Calumet Mining Company, with making and issuing a certain written and printed evidence of money to be paid without the same being duly stamped, and with intent to evade the provisions of the act. The form of the paper was as follows, to wit:
 The defendant pleaded Not Guilty, and the jury found a special verdict, setting forth the circumstances under which he issued the draft in question, and others of the same character, which he did on behalf of the Calument Mining Company (a corporate body), at its mines in Michigan, in payment for labor and other things; the defendant being superintendent of the mines, and Seabury, the drawee of the draft, being the treasurer of the company at Boston, where the drafts were redeemed. The special verdict stated that the drafts were issued without being stamped, but it did not state that this was done with intent to evade the provisions of the act.
 Upon the special verdict as thus found, the district attorney of the United States moved for judgment, and thereupon the question arose, whether, upon the facts stated in the verdict (and under certain provisions of the Internal Revenue Act, not necessary, in view of the point adjudged in the case by this court, here to be stated),[2] the instrument set forth in the information was subject to a stamp when issued. Which question, the judges being divided in opinion upon it, was certified to this court for decision.
 
 Messrs. B. R. Curtis and J. Hubley Ashton, for the defendant:
 
 The act of Congress expressly makes the intent to evade the provisions of the act a necessary ingredient of the offence defined by it. It is clear that it was necessary that the information should contain an allegation, as it does, that the omission of the stamp was with intent to evade the act, and that the jury could not have found the defendant guilty of the offence without finding an intentional omission of the stamp with the purpose of evading the act.
 The special verdict, however, is entirely silent in regard to the matter of the intent of the defendant.
 It does not find that, if the instrument was liable to stamp duty, it was issued without a stamp with intent to evade the act; and, therefore, however this court might answer the question certified for its decision, the Circuit Court could not enter judgment for the United States upon the verdict.
 Therefore, this court will not decide the question upon which the judges of that court have divided in opinion, and will remand the cause to that court either with directions to award a new trial, or without any direction.
 
 Mr. G. H. Williams, Attorney-General, and Mr. S. F. Phillips, Solicitor-General, contra:
 
 What is said by opposing counsel is not sufficient to prevent a response by this court to the question about which the judges below differed.
 The facts (supposing the instrument to be liable to a stamp) show that the defendant has actually evaded the provisions of the act. In a similar case[3] this court has said:
 'When the acts which create the obstruction [evasion] are in themselves unlawful, the intention to obstruct [evade] will be imputed to their author, although the attainment of other ends may have been his primary object.'
 This is in accordance with long-established principles.[4]
 To the same effect with United States v. Kirby is a passage in Tidd's Practice:[5]
 'And if a special verdict on a mixed question of fact and law find facts from which this court can draw clear conclusions, it is no objection to the verdict that the jury have not themselves drawn such conclusions, and stated them as facts in the case.'
 Whatever may be the true doctrine in a case where the special verdict finds only such evidence as, in the judgment of a court, makes it competent for a jury to decide either positively or negatively as to a fact in question, it seems that if the evidence so found be such as should form the basis of an instruction by the court that from it the jury must find in a particular way, it is immaterial whether the jury find the specific fact, or only the proofs of it. That is the case here.
 Mr. Justice BRADLEY delivered the opinion of the court.
 
 
 1
 As in this case the intent is the essence of the crime,[6] and is not found, no judgment can be entered on the verdict, whether the facts disclosed therein required a stamp to be affixed to the draft or not. To decide the question proposed, therefore, would avail nothing. An imperfect verdict, or one on which no judgment can be rendered, must be set aside, and a venire de novo awarded.[7] The case must therefore be dismissed.
 
 
 2
 It is proper to observe that in the case of United States v. Isham,[8] recently decided by this court, we held that no stamp is required on drafts of the kind above described, when not exceeding ten dollars in amount.
 
 
 3
 CASE DISMISSED.
 
 
 
 [1]
 Act of July 13th, 1866 (§ 9, 14 Stat. at Large, 142), amendatory of the 158th section of the act of June 30th, 1864 (13 Id. 293).
 
 
 [2]
 They may be seen in United States v. Isham, 17 Wallace, 496.
 
 
 [3]
 United States v. Kirby, 7 Wallace, 482.
 
 
 [4]
 Rex v. Furnival and State v. Jones, as reported in Bennett & Heard's Leading Criminal Cases, 2d vol. 45, with notes.
 
 
 [5]
 2d vol. 897.
 
 
 [6]
 1 Bishop's Criminal Procedure, § 280, or 2d edition, 523; People v. Lehman, 2 Barbour, 218, 219.
 
 
 [7]
 Bacon's Abridgment, title 'Verdict' (M.); Tidd's Practice, 992, 9th ed.; Holland v. Fisher, Orlando Bridgman, 187, 188.
 
 
 [8]
 17 Wallace, 496. [The case had not been decided when the present one was argued.—REP.]