### In re JULIAN et al.
### No. 9685.

District Court, M. D. Pennsylvania.
Feb. 16, 1938.

Rutherford & Rutherford, of Honesdale, Pa., for Howard C. Julian.

Stark, Bissell & Reifsnyder, of Scranton, Pa., for Alice W. Julian and creditors.

WATSON, District Judge.

Howard C. Julian filed a voluntary petition in bankruptcy, purportedly on behalf of himself, as an individual, and on behalf of himself and Alice W. Julian, as a partnership. Thereupon, an order of adjudication was made by this court adjudging Howard C. Julian and Alice W. Julian, a partnership, and Howard C. Julian, as an individual, bankrupt. At the same time, although no involuntary petition had been filed against her, the clerk issued a rule to show cause why Alice W. Julian should not be declared a bankrupt. A subpoena was also directed to Alice W. Julian commanding her appearance to answer the petition of Howard C. Julian praying that she be adjudged a bankrupt. On the same date Howard C. Julian, purporting to act for the alleged partnership, and for himself, petitioned the clerk for a rule and restraining order against Frank A. Madden, the First National Bank of Newfoundland, M. F. Wotjen, and the sheriff of Wayne county, from proceeding with the sale of alleged partnership personal property under executions issued out of the court of common pleas of Wayne county, and the clerk thereupon issued a rule and temporary restraining order.

The alleged partner, Alice W. Julian, has filed a motion to vacate the order of adjudication as to partnership, an answer to the petition for adjudication, and also a motion to dismiss the petition. Frank A. Madden, the First National Bank of Newfoundland, M. F. Wotjen, and the sheriff of Wayne county have filed an answer to the rule for a permanent injunction.

To the motion to vacate the order of adjudication Howard C. Julian has filed an answer.

Hearing was had by the court on all the issues raised by all the petitions, motions, and answers, testimony was taken, and briefs have been submitted.

The only question of fact raised at the hearing was whether or not Howard C. Julian and Alice W. Julian were partners at the time the petition in bankruptcy was filed. The undisputed testimony was that Howard C. Julian had no express authority from Alice W. Julian to file a voluntary petition in bankruptcy on behalf of the alleged partnership. Although the petition was signed "Howard C. Julian and Alice W. Julian by Howard C. Julian, partner," no statement or affidavit accompanied the petition setting forth that Howard C. Julian was duly authorized to file the petition on behalf of the partnership.

Assuming a partnership did exist, the question is, whether one partner may, without the express authorization of the other, file a voluntary petition in bankruptcy on behalf of the partnership.

In the case of Meek v. Centre County Banking Co. et al., 268 U.S. 426, 45 S.Ct. 560, 69 L.Ed. 1028, an appeal from this district, the Supreme Court of the United States laid down the following principles: (1) That a partnership may be adjudged a bankrupt; (2) that there are only two kinds of petitions upon which a person (and the

term "person" includes "partnerships") may be adjudged a bankrupt; a voluntary petition filed by him and an involuntary petition filed by his creditors; (3) that there is no authority to adjudge a partnership bankrupt except upon its own voluntary petition or upon an involuntary petition filed against it by creditors and none to make such an adjudication upon a petition filed against it by one of its members; and (4) that a petition by less than all the partners, seeking adjudication of the partnership against the opposition of the nonconsenting members, is manifestly an involuntary proceeding. The Supreme Court expressly refused to decide whether a voluntary petition filed in the name of the partnership by one member of the firm, purporting to act on its behalf, could be sustained without an affirmative showing that it was filed at the instance or with the consent of the other partners.

In my opinion, such a petition is not prima facie sufficient and no order of adjudication should be entered as to a partnership upon the basis of such a petition. A partnership is a legal entity distinct from its members. As to transactions in the ordinary course of business, the law implies authority in members of the partnership to act for and bind the partnership. Powers other than those must be created by agreement or by tacit consent. The filing of a petition in bankruptcy manifestly is not an act done in the ordinary course of business, In re York et al., D.C., 18 F.2d 428, and authority to file such a petition cannot be implied. It follows that authority to file a petition in bankruptcy on behalf of a partnership should affirmatively appear in the petition. In re York, supra.

The petition cannot be sustained as an involuntary creditor's petition. It does not appear that the petitioner is a creditor of the partnership, no act of bankruptcy is alleged, and the petition does not comply with the Bankruptcy Act respecting involuntary petitions in other respects. See In re McCloskey, D.C., 18 F.2d 311, and Meek v. Centre County National Bank, supra.

The petition is good, however, as to Howard C. Julian as an individual, and the order of adjudication as to him should not be disturbed. There can be no valid objection to a member of a partnership going into bankruptcy to rid himself of his individual debts and any liabilities which may exist against him personally as a member of the partnership. The bankruptcy of a partner causes a dissolution of the partnership, Pennsylvania Act of March 26, 1915, P.L. 18, § 31, 59 P.S. § 93, and it becomes necessary to wind up the partnership affairs, accounting to the bankrupt's trustee for such of the assets as the bankrupt is entitled to after all partnership liabilities are paid. Pennsylvania Act of 1915, supra, § 38, 59 P. S. § 100.

For the foregoing reasons, the petition for adjudication of the alleged partnership should be dismissed, the adjudication of the alleged partnership as bankrupt should be vacated, the temporary restraining order should be dissolved and the rule for a permanent injunction discharged, and the rule to show cause why Alice W. Julian should not be adjudged bankrupt should be stricken off.

Now, February 16, 1938, the voluntary petition in bankruptcy filed November 30, 1937, is dismissed in so far as it purports to be the petition of Howard C. Julian and Alice W. Julian, a partnership; the adjudication of bankruptcy entered November 30, 1937, is vacated as to said alleged partnership; the temporary restraining order issued November 30, 1937, is dissolved; the rule to show cause why an injunction should not issue directed to Frank A. Madden, the First National Bank of Newfoundland, M. F. Wotjen, and Forrest A. Taylor, sheriff, is discharged; and the rule to show cause why Alice W. Julian should not be declared a bankrupt, issued November 30, 1937, is discharged.