## BUSBY ET AL. *v.* ELECTRIC UTILITIES EMPLOYEES UNION, ETC.

No. 74.   Argued November 17, 1944.—Decided December 4, 1944.

*Mr. Warren E. Magee* for Busby et al.

*Mr. John J. Carmody* for the Electric Utilities Employees Union, etc.

PER CURIAM.

In this case the Court of Appeals for the District of Columbia, pursuant to Judicial Code, § 239, 28 U. S. C. § 346, has certified to this Court the following question:

"Is an unincorporated Labor Union, with its principal office in the District of Columbia, suable as such in an action in debt brought against it in the District Court of the United States for the District of Columbia, where service of process is duly had upon its President at its principal office?"

Rule 17 (b) of the Rules of Civil Procedure for the District Courts of the United States provides, in the case of a party other than an individual or a corporation, that: "capacity to sue or be sued shall be determined by the law of the state in which the district court is held; except that a partnership or other unincorporated association, which has no such capacity by the law of such state, may sue or be sued in its common name for the purpose of enforcing for or against it a substantive right existing under the Constitution or laws of the United States."

By Rule 81 (e), the "law of the state" in proceedings in the District Court of the United States for the District of Columbia is "the law applied in the District of Columbia." That law is derived from the common law and statutes of Maryland in force at the time of the cession of the District to the United States, as modified by statutes of Congress and as determined and developed by the courts of the District. Act of February 27, 1801, 2 Stat.

103; *Armstrong* v. *Lear,* 12 Wheat. 169, 176; *McKenna* v. *Fisk,* 1 How. 241, 249.

Under these Rules, a plaintiff may proceed in the District Court for the District of Columbia against an unincorporated labor union in its common name if, by the law of the District, it has capacity to be sued as such. Only if it be decided that by the local law such a union does not have capacity to be sued in its own name need there be consideration of the second part of Rule 17 (b), which permits a suit against an unincorporated association for the enforcement of "a substantive right existing under the Constitution or laws of the United States."

The certificate in this case discloses that the Court of Appeals is in doubt as to the meaning and application of the rule laid down in *United Mine Workers* v. *Coronado Coal Co.,* 259 U. S. 344, 383–392, and the effect upon it of the second part of Rule 17 (b); cf. *Brown* v. *United States,* 276 U. S. 134, 141; *Puerto Rico* v. *Russell & Co.,* 288 U. S. 476, 480–482, 483–484; *Moffat Tunnel League* v. *United States,* 289 U. S. 113, 118. But under Rules 17 and 81 of the Rules of Civil Procedure, as we have said, that question cannot arise in the present suit, unless it is first decided that under the law of the District an unincorporated labor union is without capacity to be sued in its own name. And we do not understand the certificate to seek our aid in the determination of this question of local law.

In any event, we think it appropriate that the question of local law should be answered by the courts of the District before this Court is called upon to answer it, or to consider the application and effect of the second part of Rule 17 (b) in an action in debt brought in the District of Columbia against an unincorporated labor union. There are cogent reasons why this Court should not undertake to decide questions of local law without the aid of some expression of the views of judges of the local courts

who are familiar with the intricacies and trends of local law and practice. We do not ordinarily decide such questions without that aid where they may conveniently be decided in the first instance by the court whose special function it is to resolve questions of the local law of the jurisdiction over which it presides. *Huddleston* v. *Dwyer,* 322 U. S. 232, 237, and cases cited. Only in exceptional cases will this Court review a determination of such a question by the Court of Appeals for the District. *District of Columbia* v. *Pace,* 320 U. S. 698, 702, and cases cited.

It is not the function of the certificate authorized by 28 U. S. C. § 346 to require this Court to answer questions not shown to be necessary to the decision of the case. A question will not be answered if it is hypothetical, *Webster* v. *Cooper,* 10 How. 54, 55; *Pelham* v. *Rose,* 9 Wall. 103, 107; *White* v. *Johnson,* 282 U. S. 367, 373; *Lowden* v. *Northwestern National Bank Co.,* 298 U. S. 160, 162–163, or if it is dependent upon other questions which may not appropriately be answered, *Jewell* v. *Knight,* 123 U. S. 426, 432–433, 435; *Lowden* v. *Northwestern National Bank Co., supra,* 166. This Court will not answer a question which will not arise in the pending controversy unless another issue, not yet resolved by the certifying court, is decided in a particular way. *Triplett* v. *Lowell,* 297 U. S. 638, 647–649; *Webster* v. *Cooper, supra,* 55; cf. *United States* v. *Buzzo,* 18 Wall. 125, 129.

We do not answer the question as to the effect of the second part of Rule 17 (b), since the answer will be decisive of the case only in the event that a question of local law, not answered by the Court of Appeals and inappropriate for us to consider in the first instance, receives one rather than another answer. We have no occasion to discuss the meaning and application of the rule of the *Coronado* case or the second part of Rule 17 (b), which are relevant only for the purpose of answering the question

which, as we have said, we cannot properly answer. The certificate is accordingly dismissed.

*So ordered.*

MR. JUSTICE RUTLEDGE took no part in the consideration or decision of this case.

MR. JUSTICE FRANKFURTER, concurring.

I join in the *per curiam* on the assumption that after the Court of Appeals will have disposed of all issues to be decided by local District of Columbia law nothing will be left in the certified question for this Court to answer.

This is a suit for a lawyer's fee, that is, an ordinary District of Columbia common law action of debt and not one to enforce "a substantive right existing under the Constitution or laws of the United States." For, I take it, in allowing an unincorporated association to be sued "in its common name for the purpose of enforcing . . . a substantive right existing under the . . . laws of the United States," Rule 17 (b) of the Rules of Civil Procedure referred to laws of general applicability throughout the United States and not to the body of local law governing the District of Columbia. Therefore, suability of an unincorporated labor union is a local procedural problem to be determined, according to Rule 17 (b) in conjunction with Rule 81 (e), by the local law of the District. That "the suability of trades unions . . . is after all in essence and principle merely a procedural matter" is vouched for by the *Coronado* case, 259 U. S. 344, 390, the scope of which has been authoritatively defined in *Brown* v. *United States*, 276 U. S. 134, 141 and *Moffat Tunnel League* v. *United States*, 289 U. S. 113, 118. Since substantive rights were outside the authority given by Congress for prescribing rules of civil procedure, Rule 17 (b) and the note thereto by the Advisory Committee on Rules, by dealing with capacity to sue or be sued, decisively confirm the

statement in the *Coronado* case that the suability of a trade union is a procedural matter.

But if such a procedural matter may be cast in the form of a substantive issue for the determination of status, it would, in this case in any event, be a question of the substantive law of the District and not raise any substantive issue of federal law. If a suit like this were brought in the District Court for the Southern District of New York under diversity jurisdiction, no conceivable question other than that of the procedural or substantive law of the State of New York could arise. No federal question is infused into the litigation because such a local suit was brought in the District of Columbia.

In view of the increase in the volume and the complexity of the business that is coming to this Court, and the bearing of this increase upon the proper discharge of its work (see *Ex parte Peru,* 318 U. S. 578, 602–604), I deem it important to avoid any encouragement however slight to futile resort to this Court.