**KAVANAGH, Collector of Internal Revenue, et al. v. FOWLER et al.**

No. 9879.

Circuit Court of Appeals, Sixth Circuit.

Jan. 29, 1945.

Paul R. Russell, of Washington, D. C. (Samuel O. Clark, Jr., Sewall Key, Helen R. Carloss, and Paul R. Russell, all of Washington, D. C., and John C. Lehr, of Detroit, Mich., on the brief), for appellants.

Leonard F. Donaldson, of Detroit, Mich., for appellees.

Before HICKS, ALLEN, and MARTIN, Circuit Judges.

ALLEN, Circuit Judge.

Appellees, chiropodists duly licensed under Sections 14.661 to 14.671, inclusive, Michigan Statutes Annotated, to practice chiropody, brought an action praying that a writ of mandamus issue directing the appellant Kavanagh, collector of internal revenue for the District of Michigan, to accept appellees' applications for reregistration and to reregister them under the provisions of Section 1 of the Harrison Narcotic Act, 26 U.S.C.A.Int.Rev.Code, §§ 2550 et seq., 3220 et seq., and for other appropriate relief. By amendment the prayer of the petition asked for an injunction restraining the collector from refusing to accept the applications of the appellees for reregistration, and by motion appellant Oyler, narcotic district supervisor for District No. 8, was made a party defendant.

The appellees had been previously registered by the collector of internal revenue for the fiscal year July 1, 1942, to June 30, 1943, and in accordance with Section 1 of the Harrison Narcotic Act tax stamps had been issued to them as evidence of their registration and of their right to have possession of and to dispense narcotic drugs. The appellees applied for reregistration and tendered the proper fees for tax stamps for the fiscal year 1943—4. Their applications were denied upon the ground that they were not licensed by the Michigan Board

of Pharmacy or the Michigan Board of Medical Registration to use or handle narcotics in the State of Michigan. It appears that this denial was in accordance with a ruling of the attorney general of Michigan that a practitioner of chiropody is not a physician within the purview of the Michigan Uniform Narcotic Drug Act entitled to administer drugs and narcotics.

Treasury Regulations 5, 1938 edition, Art. 5, provides in substance that all such applications for registration be referred by the collector to the appropriate narcotic district supervisor for investigation, report and recommendation, and that in the case of applications which have been so referred, "the collector shall not issue a special tax stamp in connection with any registration until information has been submitted to him, by the narcotic district supervisor, that the applicant is properly licensed or otherwise lawfully entitled to engage in the activity in the district in which he seeks registration."

The narcotic district supervisor, appellant Oyler, reported on the basis of the ruling of the attorney general of Michigan that the appellees were not properly licensed or otherwise lawfully entitled to use or handle narcotics in the district. The collector refused to reregister the appellees, and this suit was instituted.

The District Court, upon a careful consideration of the Michigan statutes, decided that under the provisions of the Michigan Chiropody Act and the Michigan Uniform Narcotic Drug Act, chiropodists are authorized by law to use narcotic drugs in their practice, and ordered the collector to register the appellees.

In our opinion an insuperable objection to granting the relief prayed for here lies in the fact that the appellees, whether wrongly or not, are not licensed under the state law to engage in the desired activity. Michigan Public Acts 1937, No. 343, in its pertinent portion reads as follows:

" 'Physician' means a licensed practitioner of medicine or osteopathy as defined by law in this state and any other person authorized by law to treat sick and injured human beings in this state and to use narcotic drugs in connection with such treatment. * * *

"Sec. 3. No person shall manufacture, compound, mix, cultivate, grow, or by any other process produce or prepare narcotic drugs, and no person as a wholesaler shall supply the same, and no person shall sell, prescribe, administer or dispense any narcotic drugs without having first obtained a license so to do from the state director of drugs and drugstores. * * *"

■■ Assuming, although not deciding, that Section 2 of Michigan Public Acts 1939, No. 221, authorizes chiropodists to use or administer local anaesthetics,[1] under the statute above quoted they are not authorized to do so without having obtained a license from the state director of drugs and drugstores. The petition does not allege that this license has been obtained, and it is in effect conceded in the briefs that such a license has not been issued. If the state director has wrongly refused such a permit, and if the attorney general of Michigan has erroneously decided that the appellees are not authorized to administer narcotics for local anaesthetics, the remedy lies in action in the state courts. The fact remains that the appellees are not yet licensed to use narcotics in Michigan, which is a part of District No. 8, and therefore under the Treasury Regulations the collector was forbidden to reregister the appellees and to issue the tax stamps as prayed.

■ There are no decisions of the state courts of Michigan interpreting the Michigan statutes above quoted. The important question whether, under Michigan law, chiropodists are entitled to administer narcotics, we think should properly be decided by the Michigan courts. This conclusion is in accord with recent decisions of the Supreme Court. In Busby v. Electric Utilities Employees Union, 323 U.S. 72, 65 S.Ct. 142, 144, it was pointed out that "There are cogent reasons why this Court should not undertake to decide questions of local law without the aid of some expression of the views of judges of the local courts who are familiar with the intricacies and trends of local law and practice." To the same effect is Huddleston v. Dwyer, 322 U.S. 232, 237, 64 S.Ct. 1015.

It follows that the decree of the District Court must be, and it hereby is, reversed.

---

[1] Section 14.662. Michigan Statutes Annotated, provides that applications for license be made by persons wishing to practice chiropody, and after making certain requirements not material here, reads:

"Provided, however, That said certificate of qualification or license shall not authorize chiropodists to amputate the human foot or toes, or to use or administer anaesthetics other than local."

The relief prayed for in the complaint and amended complaint is denied and the action is dismissed.