### DARBY v. PHILADELPHIA TRANSP. CO. et al.

No. 6624.

District Court, E. D. Pennsylvania.

Aug. 4, 1947.

Freedman, Landy & Lorry, by William M. Alper, all of Philadelphia, Pa., for plaintiff.

Pepper, Bodine & Stokes, by Harold Scott Baile, and Bernard J. O'Connell, all of Philadelphia, Pa., for Philadelphia Transportation Co.

White & Williams, by W. Wilson White, all of Philadelphia, Pa., for James Wilson et al.

GANEY, District Judge.

This is a motion to dismiss a complaint for damages for personal injuries resulting from defendants' alleged negligence, brought by a citizen of South Carolina, against the Philadelphia Transportation Company, a corporation, James Wilson and William R. Ross, residents of Pennsylvania, and Margaret Koch, a resident of Delaware, individually and trading as Ross and Wilson, a partnership with its principal place of business in Philadelphia, on the grounds that the complaint does not (1) allege diversity of citizenship, and (2) the venue is improperly laid.

■ The complaint alleges that the plaintiff is a citizen of South Carolina, but fails to set out the citizenship of the several defendants. It is, however, conceded that the defendants are citizens of either Pennsylvania or Delaware, and accordingly the defect in the averment is purely formal, and may be cured by amendment. Therefore it is submitted that the requisite jurisdictional facts exist, and this court has jurisdiction over the cause of action, and we pass, accordingly, directly to the question of venue.

It is the contention of the defendant that a partnership has no citizenship independent of its members and that since one of the defendants, Margaret Koch, who is a citizen and resident of Delaware, invokes her privilege of venue, the complaint must be dismissed. Camp v. Gress, 250 U.S. 308, 39 S.Ct. 478, 63 L.Ed. 977. Further, it is contended jurisdiction here is determined by Sec. 51 of the Judicial Code, 28 U.S.C.A. § 112(a),[1] and in accordance therewith it is alleged that suit should be either maintained in the State of South Carolina, the residence of the plaintiff, or resort had to the state courts of the commonwealth.

■ In connection therewith Rule 17(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c,[2] makes the capacity of a defendant to sue or be sued, determined by the law of the state wherein the federal court is located. Busby v. Electric Utilities Employees Union, 323 U.S. 72, 65 S.Ct. 142, 89 L.Ed. 78; Pullman Standard Car Mfg. Co. v. Local Union No. 2928, 7 Cir., 152 F.2d 493. Accordingly, resort is then had to Rule 2128 (a) of the Pennsylvania Rules of Civil Procedure, 12 P.S.Appendix,[3] wherein the plaintiff has the option of naming any of the members of a partnership, or the partnership entity, as the defendant, or may join any combination of partners and the partnership entity as defendants, the partnership itself being recognized as an entity, separate and distinct from its members. In re Julian D.C.M.D.Pa., 22 F.Supp. 97. Therefore it is apparent that for the purpose of suit in a federal court a partnership has a jural entity.

■ Further Rule 4(d) (7) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following Section 723c, provides, inter alia, that service of process upon a defendant

---

[1] The relevant portion of this section is as follows: "Where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."

[2] "The capacity of an individual, other than one acting in a representative capacity, to sue or be sued shall be determined by the law of his domicile. The capacity of a corporation to sue or be sued shall be determined by the law under which it was organized. In all other cases capacity to sue or be sued shall be determined by the law of the state in which the district court is held; * * *."

[3] "An action against the partnership may be prosecuted against one or more partners as individuals trading as the partnership in the manner designated by Rule 2127(a), or against the partnership in its firm name."

partnership can be made "in the manner prescribed by the law of the state in which the service is made * * *." In accordance with this, we find Rule 2131(a) of the Pennsylvania Rules of Civil Procedure, 12 P.S.Appendix,[4] permitting service on a partnership firm, as equivalent to service on every partner, so far as liability for firm debts are concerned. Service of process here was made upon the defendant partnership and the partners by serving William R. Ross, one of the partners. This service of process was sufficient service upon the partnership as an entity and upon the individual members of the partnership named in the suit to bring all the partners before this court and subject to a judgment in personam. Bowles v. Marx Hide & Tallow Co., D.C., 4 F.R.D. 297; Western Mut. Fire Ins. Co. v. Lamson, D.C., 42 F.Supp. 1007.

The question of venue is procedural, the same as the other incidents hereinabove adverted to, in that it pertains to the place where suit may be brought against a particular defendant and is one of convenience which may. be waived. The venue in the present suit is laid where the defendant partnership has its principal place of business and it is accordingly the plaintiff's contention, that since the defendant partnership has been sued and served with process as a jural entity, it should likewise be deemed a jural entity for the purpose of determining where its venue may be laid. The objective of the Federal Rules is simplicity and practicality, and since the jural entity of the partnership is recognized in the Uniform Partnership Act, 59 P.S.Pa. § 1 et seq., as well as the Pennsylvania Rules of Civil Procedure, it is only in keeping with this progressive trend toward simplicity, that following its adoption as such, with respect to capacity to sue and be sued, as well as in the service of process upon it, its jural entity should be recognized for the purpose of venue. As indicative of a broadening scope in the concept of a partnership as a jural entity, some parallel is found in Judge Hand's

treatment of an unincorporated association in Sperry Products, Inc., v. Association of American Railroads, 2 Cir., 132 F.2d 408, 145 A.L.R. 694. Here the defendants moved to dismiss an action on the ground of improper venue, alleging that the various members of the Association were citizens and residents of many states. The following portion of Judge Hand's opinion, 132 F.2d at page 411, is pertinent: "* * * Since, however, for the purpose of suit it has come to regard them as jural entities, we can see no reason why that doctrine should not be applied consistently to other procedural incidents than service of process, and venue is one of such incidents. Certainly that promotes simplicity, and simplicity was one of the conveniences which induced the original change. Therefore in construing § 48, Jud.Code, 28 U.S.C.A. § 109, in its application to an unincorporated association it seems inevitable that we should attribute an 'inhabitancy' to it as though it were a single jural person and not an aggregate." Having determined that an unincorporated association was a jural entity with reference to venue, the court then decided the criterion, for the determination, was where its principal activities took place and permitted suit where it has its principal office or place of business.

While the above case is not identical in its factual basis, neither is it totally dissimilar, and it affords a rather striking parallel by which we may draw conclusions with respect to the instant case. Accordingly, it would seem more in keeping with the objectives of the Federal Rules of Civil Procedure that the service of process here upon a partner at its principal place of business is sufficient to have the venue well laid here.

It is submitted that the changing legal concept of a partnership from that which obtained under the common law, to that as the Uniform Partnership Act defines it, and as defined in the Pennsylvania Rules of Civil Procedure, gives warrant in holding that this concept of a partnership en-

---

4 "Service of process upon a partner or a registered agent of a partnership, or upon the manager, clerk or other person for the time being in charge of any regular place of business of a partnership shall be deemed service upon the partnership and upon each partner individually named in the action, provided the person served is not a plaintiff in the action."

tity as a jural entity for the purpose of venue, is not an invasion of the legislative field, but a proper status to afford it, in the ever changing economic process.

The motion to dismiss is denied.