## McElhinney, etc., v. Belsky

*H. C. Liebman*, for plaintiff.
*B. F. Kivnik*, for defendant.

WINNET, J., November 12, 1947.—This case seems to be one of first impression. The question arises on preliminary objections to plaintiff's complaint: Whether a transfer of a business by an owner to a partnership of which he is a member is a breach of an exclusive agency contract to sell the business.

Plaintiff's complaint states that pursuant to a written exclusive agency contract plaintiff undertook to sell the manufacturing business of this defendant. The agreement provides that plaintiff would be entitled to a commission during the term of the contract whether the sale or exchange is effected by plaintiff, defendant or any other person. During the term of the contract the business was "sold and transferred" according to the complaint by defendant to a partnership composed of defendant and another person.

Plaintiff seeks a commission of five percent on $10,000, the authorized sale price of the business. Defendant has filed preliminary objections in the nature of a demurrer to the complaint.

Defendant argues that a transfer of the business to a partnership is not a sale or an exchange thereof as to entitle plaintiff to a commission. Counsel says that all defendant has done was to change the form of his business; and he argues further that the parties contemplate under the agreement that there will be a fund from which plaintiff could be paid a commission, which fund could only arise from an actual sale or exchange of property.

Plaintiff was to receive a commission upon a *sale or exchange* of the business during the term of the agreement. The allegation of the complaint is that plaintiff sold and transferred the business to a partnership composed of himself and one, Pincus. A short answer to the demurrer might be, since the allegation is that a sale had been made the complaint is sufficient and the sufficiency of proof of the sale is a matter to be dealt with at the time of trial. As the case was presented, however, the parties asked for a judicial determination of the question whether defendant by taking in another person and making of the business a partnership, has made a sale within the meaning of the agreement so as to entitle plaintiff to a commission.

The ordinary meaning of a sale is a transfer, or an agreement for the transfer, of title to property for a consideration: Benner et al. v. Tacony Athletic Assn. et al., 328 Pa. 577; Blauner's, Inc., et al. v. Philadelphia et al., 330 Pa. 340; Philadelphia Assn. et al. v. Philadelphia et al., 139 Pa. Superior Ct. 560. There has been, according to the allegation of the complaint, a transfer of the property by plaintiff individually to a partnership. Ownership of a property by a partnership is different from ownership by an individual: Patterson v. Silliman, 28 Pa. 304, 315.

A partnership is a separate entity distinct from its individual members. Although a partnership as a legal entity has been recognized only for limited purposes, nevertheless, the entity of a partnership as to its ownership of property is generally recognized. Section 8 of the Uniform Partnership Act of March 26, 1915, P. L. 18, 59 PS §13, provides:

"(1) All property originally brought into the partnership stock or subsequently acquired, by purchase or otherwise, on account of the partnership, is partnership property. (3) Any estate in real property may be acquired in the partnership name. Title so acquired can be conveyed only in the partnership name."

In Morrison's Estate, 343 Pa. 157, 162, the court said:

"We deem it to be the law in Pennsylvania and the approved opinion in most other jurisdictions that a partnership is not recognized as an entity like a corporation, that it is not a legal entity having as such a domicile or residence separate and distinct from that of the individuals who compose it. It is rather a relation or status between two or more persons who unite their labor or property to carry on a business for profit. This is subject to an apparent exception, for while a partnership as such is not a person, it, as a matter of fact, is treated by a legal fiction as a quasi person or entity for such purposes as keeping of partnership accounts and marshaling assets. It is so treated under the law of this Commonwealth and under the federal Bankruptcy Act." In re Julian et al., 22 F. Supp. 97, holds that a partnership is a legal entity, as far as the Bankruptcy Act is concerned.

A transfer of business to a partnership for consideration is a sale of that business. It makes no difference whether that transfer for consideration is made by A to B and C as partners, or A to A and B as partners. Both such transfers made by A during the term

of an exclusive agency sales agreement are a breach thereof and entitled the agent to damages.

There has been cited to us In re Rosenberg's Account, 16 D. & C. 569, for the proposition that a transfer of assets to a partnership is not a sale. The case arose under the Bulk Sales Act and it was held that a transfer to a partnership is not a sale under that act. The purpose of the act is to protect creditors against sales of stock on hand as a whole, to the prejudice of those unpaid who could look to the assets alone for the satisfaction of their claims. The transfer of the assets to a partnership could not prejudice the rights of creditors. Accordingly there is good reason to say that such a transfer is not a sale within the meaning of the Bulk Sales Act. The authority, however, is neither binding nor persuasive as to the question here involved.

Defendant's preliminary objections are, therefore, overruled and leave is given to defendant to file an answer to the merits within 15 days.