**UNITED STATES of America, Plaintiff, Appellee,**

v.

**Jorge Humberto Bastidas CASTRO, Defendant, Appellant.**

**No. 7195.**

United States Court of Appeals First Circuit.

July 25, 1969.

---

Francisco R. de Jesus, Jr., San Juan, P. R., by appointment of the Court, on brief, for appellant.

Francisco A. Gil, Jr., U. S. Atty., Will Wilson, Asst. Atty. Gen., and Jerome M. Feit and Elizabeth Meyer, Attys., Dept. of Justice, on brief, for appellee.

Before ALDRICH, Chief Judge, Mc-ENTEE and COFFIN, Circuit Judges.

COFFIN, Circuit Judge.

On April 27, 1967, the defendant and a friend, Carlos Schneider, sold 8.5 grams of cocaine to a government informant—the entire transaction being observed by a government agent. On August 7, 1967, the grand jury returned an indictment charging the defendant and Schneider with violations of 26 U.S.C. § 4704(a), purchasing cocaine not in the original stamped package; 26 U.S.C. § 4705(a), selling cocaine without the requisite order form; and 21 U.S.C. § 174, receiving, concealing, and facilitating the transportation of illegally imported cocaine.

The district court for the District of Puerto Rico sitting without a jury convicted defendant on all three counts and sentenced him to five years imprisonment for each count, the terms to run concurrently. Defendant brings this appeal.

Defendant argues that he is entitled to an acquittal on two of the three counts because the convictions under § 4704 (a) and § 4705(a) abridge his privilege against self-incrimination.[1]

We begin by confronting defendant's challenge to 26 U.S.C. § 4704(a) which makes it a crime to purchase or sell narcotic drugs except in or from the original stamped package.[2] Defendant

---

1. Defendant does not challenge his conviction for violation of 21 U.S.C. § 174. However, in view of the Supreme Court's recent decision in Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (June 23, 1969), we elect to consider the *validity of the convictions under 26 U.S.C. §§ 4704(a) and 4705(a).*

2. Specifically, 26 U.S.C. § 4704(a) provides that:
    "It shall be unlawful for any person to purchase, sell, dispense, or distribute

concedes that on its face § 4704(a) punishes affirmative acts independent of incriminating disclosures, but he argues that self-incrimination is present because one can establish his innocence under § 4704(a) only if he has satisfied the registration and occupational tax provisions of 26 U.S.C. §§ 4721–22.

As support for his position, defendant relies on Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968), where the Supreme Court held that a conviction for possession of an unregistered firearm was in essence a conviction for failure to register, and therefore, a conviction for failure to make an incriminating disclosure. We agree with defendant that consistent with the teaching of *Haynes* our initial task is to determine the "perimeter of the offense" made punishable by § 4704(a). Simply stated, our inquiry must be whether a conviction for violation of § 4704(a) is in fact a conviction for failure to register as required by 26 U.S.C. § 4722 and for failure to pay the occupational tax imposed by 26 U.S.C. § 4721. If the answer is in the affirmative, we must then determine whether compliance with §§ 4721 and 4722 would involve substantial hazards of incrimination in violation of the Fifth Amendment.

Defendant's argument with respect to the registration requirement of § 4722 is not well taken. The Narcotics Act permits acquisition of narcotics only by special classes of persons and it is only as to those classes that the obligation to register is applicable.[3] Had defendant desired to register, he would not

have been permitted to do so. *See, e. g.,* Walker v. United States, 176 F.2d 796 (9th Cir. 1949); Kavanaugh v. Fowler, 146 F.2d 961 (6th Cir. 1945); Georgia Ass'n of Osteopathic Physicians & Surgeons v. Allen, 112 F.2d 52 (5th Cir. 1940); Gerardi v. United States, 24 F.2d 189 (1st Cir. 1928). We therefore fail to see how defendant could fear self-incrimination at the hands of a disclosure obligation which did not apply to him.

The question remains, however, as to whether a non-registrant is liable for the occupational tax imposed by § 4721. We think it clear that the defendant was not covered by the tax. Defendant was convicted of *purchasing* narcotics not in the original stamped package. 26 U.S.C. § 4721 does not impose a tax on purchases of narcotics; rather it reaches only dispensers of narcotics.[4]

The present case is clearly distinguishable from Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (May 19, 1969), because unlike the Narcotics Act, the Marijuana Act contemplated the acquisition of marijuana by non-registrants—albeit at a $100 per ounce tax rate rather than the $1 per ounce rate accorded registrants. By requiring non-registrants to pay a tax which would result in incrimination the Act established an impermissible indirect prohibition of the purchase of marijuana by unauthorized persons. The Narcotics Act, on the other hand, creates a permissible, direct, absolute prohibition on the acquisition of narcotic drugs by non-registrants such as defendant. The fact that compliance with §§ 4721 and

---

narcotic drugs except in the original stamped package or from the original stamped package; and the absence of appropriate taxpaid stamps from narcotic drugs shall be prima facie evidence of a violation * * *."

3. 26 U.S.C. § 4722 requires that "every person who engages in any of the activities enumerated in section 4721 shall register". 26 U.S.C. § 4721 sets out the following classes as liable for the tax: (1) importers, manufacturers, or producers lawfully entitled to so act; (2) lawful wholesalers; (3) lawful retailers; (4) physicians, den-

tists, and other practitioners lawfully entitled to dispense drugs; (5) persons lawfully engaged in research, teaching or analysis; and (6) persons dispensing preparations of limited narcotic content under § 4702(a).

4. Indeed, it is arguable that § 4721 taxes only those lawfully engaged in the handling of narcotics. If such a construction of the statute is reasonable, and we think it is, defendant would not be liable for the tax even in the capacity of a seller. He would, of course, be liable for unlawful sale under § 4704(a).

4722 is a defense to a § 4704(a) prosecution avails defendant nothing, for compliance with §§ 4721 and 4722 simply was not possible for defendant. The conviction under § 4704(a) is affirmed.

Defendant also challenges his conviction under § 4705(a) for selling cocaine in the absence of an order form.[5] It is, of course, the purchaser and not the seller who must furnish the order form. If, however, an order form is presented by the buyer, the seller must note on the form the quantity of drugs furnished and the date of the transaction. 26 C.F.R. § 151.185. In addition, the seller must retain a copy of the form for two years for purposes of inspection by appropriate government officials, 26 U.S.C. § 4705(d) and (e), and a copy must be forwarded to the Federal District Narcotics Supervisor in the seller's district. 26 C.F.R. § 151.201.

■ It is these obligations concerning the order form which are alleged to violate the Fifth Amendment privilege against self-incrimination. But the seller's failure to comply with § 4705(a), i. e., requiring a written order from a buyer, could not result in his being punished for failure to record his own crime. Cf. Nigro v. United States, 276 U.S. 332, 48 S.Ct. 388, 72 L.Ed. 600 (1928). Even assuming that these other obligations pose substantial hazards of incrimination in prosecution under these other sections (a matter which we do not decide), the requirement that sales be made only pursuant to an order form executed by the buyer is not so indissolubly linked to these obligations as to be one of "essentially inseparable elements of a single registration procedure." Marchetti v. United States, 390 U.S. 39, at 42–43, 88 S.Ct. 697, 19 L.Ed.2d 889.

For even if the seller cannot be forced to fill out the order form and retain it for inspection, § 4705(a) serves the valid purposes of insuring that sales are made only to authorized purchasers and of facilitating government supervision of legitimate narcotics traffic. See United States v. Minor, 398 F.2d 511 (2d Cir. 1968), cert. granted, 395 U.S. 932, 89 S.Ct. 2000, 23 L.Ed.2d 447 (June 2, 1969) (No. 189). The functioning of the order form system is aided by detailed regulations (26 C.F.R. § 151.141–151.229). For example, 26 C.F.R. § 151.146 requires that a purchaser furnish the government with his name, address, registry number, and class number. In addition, 26 C.F.R. § 151.201 requires the purchaser to retain a copy of the order form for two years for purposes of inspection.

In view of the valid purposes of the order form system which operate independently of the seller's obligations, we believe that effect must be accorded Congress' intention that:

"If any provision of this title [title 26], or the application thereof to any person or circumstances, is held invalid, the remainder of the title, and the application of such provision to other persons or circumstances, shall not be affected thereby." 26 U.S.C. § 7852(a).

We therefore affirm defendant's conviction under § 4705(a).

■ Finally, defendant argues that he is entitled to a new trial because of the prejudice arising from a statement of the United States Attorney.[6] Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), relied upon by defendant is clearly inapposite. Bruton involved a co-defendant's extra-ju-

---

5. 26 U.S.C. § 4705(a) provides that:
   "It shall be unlawful for any person to sell, barter, exchange, or give away narcotic drugs except in pursuance of a written order of the person to whom such article is sold, bartered, exchanged, or given, on a form to be issued in blank for that purpose by the Secretary or his delegate."

6. The United States Attorney told the court that the defendant's co-participant in the sale, Carlos Schneider, had pleaded guilty. The statement was stricken in response to an objection by the defense, and the court stated that "I have no idea that this plea of the other defendant will affect me in any way."

dicial confession reported by a government witness in the presence of the jury. Moreover, the confession directly implicated the defendant. Here Schneider's guilty plea implicated only himself. The evidence of defendant's implication stemmed from testimony at trial. Most importantly, there was no jury involved. We do not condone the conduct of the United States Attorney, but we do not see how defendant was prejudiced.[7]

Affirmed.

---

7. A jury may have difficulty in disregarding extrajudicial statements implicating a defendant. We will not presume that a judge suffers from the same disability. Indeed, the presumption is to the contrary.