**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 15-4815**

———————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

SETH JON PAUL SLABY,

                Defendant – Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Leonie M. Brinkema, District Judge.  (1:15-cr-00261-LMB-1)

———————

Submitted:  August 16, 2016      Decided:  September 1, 2016

———————

Before GREGORY, Chief Judge, and AGEE and WYNN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Geremy C. Kamens, Federal Public Defender, Kevin R. Brehm, Assistant Federal Public Defender, Alexandria, Virginia, for Appellant.  Dana J. Boente, United States Attorney, Tobias D. Tobler, Alexander P. Berrang, Assistant United States Attorneys, Alexandria, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Seth Jon Paul Slaby pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2012). The district court imposed a 21-month sentence. On appeal, Slaby contends that the district court procedurally erred at sentencing by relying on facts alleged in a letter submitted to the court by Slaby's former girlfriend. We affirm.

We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 46 (2007). A district court commits procedural error if it "select[s] a sentence based on clearly erroneous facts[.]" Id. at 51. In selecting a sentence, a district court may "rely only on evidence with some minimal level of reliability, and the Guidelines themselves demand that the evidence used have 'sufficient indicia of reliability to support its probable accuracy[.]'" United States v. Powell, 650 F.3d 388, 393-94 (4th Cir. 2011) (internal citation omitted) (quoting U.S. Sentencing Guidelines Manual § 6A1.3(a)). This threshold for the reliability of facts supporting a sentence protects a defendant's "due process right to be sentenced only on information which is accurate." United States v. Lee, 540 F.2d 1205, 1211 (4th Cir. 1976).

At sentencing, the district court clearly stated that it was not considering any allegations in the letter from Slaby's former girlfriend that were not also either contained in Slaby's

2

presentence report ("PSR") or already presented to the court during argument on Slaby's motion for pretrial bond. A sentencing court is entitled to a presumption that it is capable of disregarding evidence that it deems unsupported or improper. See United States v. Fay, 668 F.2d 375, 380 (8th Cir. 1981) (stating that a sentencing court "will not be presumed to have considered something [it] explicitly disregarded"); see also United States v. Castro, 413 F.2d 891, 895 n.7 (1st Cir. 1969) ("A jury may have difficulty in disregarding extrajudicial statements implicating a defendant. We will not presume that a judge suffers from the same disability. Indeed, the presumption is to the contrary.").

Here, the record supports the application of this presumption. Slaby's PSR reflected that he sustained two juvenile convictions for assault and battery as well as an adult conviction for assault on a law enforcement officer, and that he paid a peace bond to resolve another assault charge he incurred as an adult. Additionally, Slaby faced a pending strangulation charge stemming from a domestic incident and was subject to several protective orders of various natures in the years preceding the sentencing at issue. At sentencing, the district court focused on Slaby's record as detailed in his PSR and his dubious explanation for possessing the firearm in question. In addition to stating that it was disregarding unsupported portions of the letter, the court never mentioned any of the allegations contained in the letter that did

not otherwise appear in Slaby's PSR. Accordingly, the presumption applies and there is no basis to conclude that the district court relied on the unsupported factual allegations in the letter.

Therefore, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED