## ANDERSON v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. June 6, 1921.)

No. 3635.

1. **Public lands ☞21—Evidence of character of land shown held admissible to show lands located were not those shown.**

In a prosecution for offering for a consideration to locate a settler upon the public lands, and for misrepresenting to the settler the location of the lands filed, contrary to act Feb. 23, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10226a), evidence as to the location and special character of the lands described by defendant to the settler was admissible, as bearing on the question whether the land pointed out to the settler was that which was entered for him.

2. **Criminal law ☞829(3)—Instructions prohibiting conviction for misrepresentations as to quality held to cover defendant's requested instructions.**

In a prosecution for making misrepresentations to settlers pertaining to public lands, contrary to act Feb. 23, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10226a), instructions in which the court read the statute and stated the elements necessary to sustain a conviction, and specially instructed that the statute did not make it an offense to misrepresent the quality of the water or of the soil, held sufficient to cover instructions requested by defendant on the latter point, so that there was no error in refusing to give the instructions in the defendant's language.

3. **Criminal law ☞870—Denial of defendant's request for special verdict is not error.**

It is not error for the trial court to refuse defendant's request to submit to the jury a special finding, since it is not the practice of the federal courts in criminal cases to call for special verdicts.

In Error to the District Court of the United States for the Southern Division of the Southern District of California; Oscar A. Trippet, Judge.

T. M. Anderson was convicted of making false representations to settlers pertaining to the public lands of the United States, and he brings error. Affirmed.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Allen, Allen & Swender, of Los Angeles, Cal., for plaintiff in error.

Robert O'Connor, U. S. Atty., and Thomas F. Green, Asst. U. S. Atty., both of Los Angeles, Cal.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

HUNT, Circuit Judge. Anderson was convicted for violation of an act of Congress to punish persons who make false representations to settlers and others pertaining to the public lands of the United States. 39 Stat. c. 115, p. 936 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10226a). The charge is that the defendant, Anderson, for a promise of money, represented to an intending settler and entryman, Rood, that a certain tract of land shown to Rood was public land subject to sale, settlement, and entry, and did undertake to locate Rood on the land, and further represented to Rood that the land was of a particular surveyed description, with intent to deceive Rood, and that Rood was deceived by the representation, and paid Anderson for his services in undertaking to locate him; Anderson well knowing that the land shown was not public land subject to sale and entry, and was not the piece described.

[1] Several assignments of error are based upon admission of testimony as to location and the special character of the lands described and the soil. We see no error in overruling the objections to this evidence. The identity of the lands in question was important; hence the government could properly introduce witnesses to describe the topography and general position of the lands pointed out to Rood. Such evidence directly related to the question whether the land pointed out was or was not the land which Rood entered after the defendant had been with him.

[2] Defendant assigns error upon refusal to give a requested instruction to the effect that any representations made by Anderson as to the "quality" of the land shown or its "nature," or what the land shown would produce, or whether "water for irrigation or domestic use could be developed or found" upon the land shown, is not a representation of the "particular surveyed description" of the land so shown; also upon refusal to charge that, if it was found that the defendant, Anderson, showed Rood the land upon which Anderson "filed him," then defendant is not guilty of violating the act under which the indictment is drawn; also upon refusal of the court to give an instruction requested to the effect that, even if the jury believed that Anderson made false representations to Rood and others as to the quality of their lands, or as to what their lands would produce, or as to the number of acres which were inundated, or as to whether water for irrigation or for domestic use could be produced, if, nevertheless, the jury should believe that the defendant showed Rood and others the lands upon which the defendant located them, then a verdict of not guilty should follow.

Plaintiff in error states in his brief that, although the instructions which the court gave very nearly covered the substance of the requests. nevertheless the instructions given were not clear, and contends that as a result defendant was prejudiced by the refusal to give the re-

quested instructions. In view of the argument, we have carefully examined the whole charge. The court read the statute, and, after indicating the Rood land on a map, stated that Rood testified that Anderson did not show him certain indicated land, but showed him certain other tracts as indicated, and took him to the land office, and had him locate on certain indicated tracts. The court charged that if Anderson showed one tract and took him to the land office, and in reckless disregard of the truth wrote a different description from what would describe the lands shown to Rood on the ground, then Anderson had committed the crime condemned by the statute. But the court specially instructed that the statute does not make it criminal for one to misrepresent the quality of the water or the soil, no matter how wrong it might be for a defendant to say:

"This land here on the desert is as good as this land in Mecca that I showed you."

The court authorized the jury to consider any misrepresentations as to soil or water in weighing the evidence of Rood and of the defendant, but twice instructed that there could be no conviction for such misrepresentations. The material elements of the crime were fully stated, and as the substance of the points included in the requests was covered in the charge given, we cannot see that prejudice could have been done to defendant by refusal to use the language of the request. Kettenbach v. United States, 202 Fed. 377, 120 C. C. A. 505.

[3] It is said that the court erred because it denied defendant's request to submit to the jury a special finding by way of a question whether Anderson took Rood onto the land and showed him the land upon which Anderson "filed him." It is not the practice of the federal courts in criminal cases to call for special verdicts, and we hold that there was no error in refusing to depart from the practice. Mut. A. Association v. Barry, 131 U. S. 100, 9 Sup. Ct. 755, 33 L. Ed. 60.

The judgment is affirmed.