## UNITED STATES v. NOBLE.

### No. 8963.

Circuit Court of Appeals, Third Circuit.

Argued March 4, 1946.

Decided May 8, 1946.

---

316

Frederic M. P. Pearse, of Newark, N. J., for appellant.

Charles J. Tyne, of Newark, N. J. (Edgar H. Rossbach, U. S. Atty., of Newark, N. J., on the brief), for appellee.

Before BIGGS, MARIS. and O'CONNELL, Circuit Judges.

MARIS, Circuit Judge.

In an information containing six counts the defendant was charged with violation of the Second War Powers Act, 1942, 50 U.S.C.A. Appendix, § 631 et seq., and of general ration orders promulgated thereunder by the Office of Price Administration. He was found guilty on all counts and was sentenced to serve one year on each, the terms to run consecutively except on count VI which was to be concurrent with count I. The defendant has appealed.

The defendant asserts that the trial judge did not instruct the jury as to the nature and elements of the offenses which the defendant is alleged to have committed. He urges that it was the duty of the trial judge to include such instructions in his charge even in the absence of a request by the defendant to do so and that the failure to do so was reversible error.

We think it is self evident that a jury cannot perform its duty of deter-

mining the guilt or innocence of a defendant accused of a crime unless they know the essential elements of the crime which he is alleged to have committed. We think it equally self evident that the only appropriate source of that knowledge is the trial judge, whose traditional function has always included that of instructing the jury upon the law.[1] It was because of the failure of the trial judge to give this necessary guidance to the jury that we recently reversed the judgment of conviction in United States v. Levy, 3 Cir., 1946, 153 F. 2d 995.[2] We deemed the error so fundamental that we took note of it even though the defendant had not requested the instructions.[3]

■ Our decision in United States v. Levy rules the present case unless the trial judge's failure to give the necessary instructions was rendered harmless by reason of his having sent the information out with the jury "for the purpose", as he stated to them, "of considering and knowing what the charges are". It is asserted by the government that the jury thus had available a complete statement of the charges which they could read and study in the course of their deliberations and that an oral statement by the trial judge in his instructions to the jury would have added nothing.

The information which the jury had with them during their deliberations merely contains references to the statute and the general ration orders. Each count contains a recital of the facts and circumstances which, in the view of the United States attorney, amount to a violation of law. Therefore, what in reality is here suggested is that the jury had merely to make special findings of fact and that they were put in position to do so by having the counts of the information before them to use as interrogatories and thereupon to render a special verdict as to each.[4]

If the jury's only duty was by a special verdict to answer interrogatories as to the existence of certain facts and to leave to the judge the application of the law to the facts thus found it might have been suffi-

---

[1] "He [the judge] discharges his duty of giving instructions to the jury when he informs them what in his view the law is which is applicable to the case before them, and what is essential to constitute the offence charged; and the jury should be left free and unbiased by his opinion to determine for themselves whether the facts in evidence are such as, in the light of the instructions of the judge, make out beyond any reasonable doubt that the accused party is guilty as alleged." Cooley's Constitutional Limitations, p. 461.

"It is well settled that the defendant has a right to a full statement of the law from the court, and that a neglect to give such full statement, when the jury consequently fall into error, is sufficient reason for reversal. * * * The chief object contemplated in the charge of the judge is to explain the law of the case, to point out the essentials to be proved on the one side and the other, and to bring into view the relations of the particular evidence adduced to the particular issues involved." Bird v. United States, 1901, 180 U.S. 356, 361, 21 S.Ct. 403, 405, 45 L. Ed. 570. See also Capital Traction Company v. Hof, 1899, 174 U.S. 1, 13–16, 19 S.Ct. 580, 43 L.Ed. 873; and Patton v. United States, 1930, 281 U.S. 276, 288, 50 S.Ct. 253, 74 L.Ed. 854, 70 A.L.R. 263.

[2] In Corson v. United States, 1944, 147 F.2d 437, the Circuit Court of Appeals for the Ninth Circuit took similar action.

[3] "And where the error is so fundamental as not to submit to the jury the essential ingredients of the only offense on which the conviction could rest, we think it is necessary to take note of it on our own motion." Screws v. United States, 1945, 325 U.S. 91, 107, 65 S.Ct. 1031, 1038, 89 L.Ed. 1495.

[4] Special verdicts in criminal cases were not unknown at common law in England at the time of the adoption of our Constitution. The King v. Oneby, 2 Ld.Raym. 1485, 92 Eng.Repr. 465 (1727); The Queen v. Dudley and Stephens, (1884) 14 Q.B.D. 273, 280; The Queen v. Farnborough, (1895) 2 Q.B. 484, 486. They have, however, become virtually unknown in federal criminal practice. United States v. Walsh, C.C.Mass.1884, 22 F. 644; Anderson v. United States, 9 Cir., 1921, 273 F. 677. Compare United States v. Buzzo, 18 Wall. 125, 21 L.Ed. 812. No provision for them is made in the Federal Rules of Criminal Procedure. It is not suggested that in the present case the jury were asked to render a special verdict. On the contrary it is clear that they were expected to render a general verdict as in fact they did.

cient merely to give them a copy of the information for their guidance in performing this duty. But the jury in the present case had a much greater duty than this. They were called upon to determine by a general verdict not only whether the defendant did certain acts which he was alleged to have done but also whether the doing of those acts amounted to the commission of the crime against the United States with which he was charged. In making that determination it was necessary for them to apply the law to the facts as they found them to be. Accordingly it was essential that they be instructed upon the rules of law which they were to apply, the most fundamental and important of which were the essential elements of the crime charged.[5] It follows that the jury could not have returned an informed gen eral verdict in the absence of instructions by the trial judge as to these essential elements even though they were permitted to consult and study the information.

■■ Moreover, we think that even if the information had contained a full recital of all the applicable legal principles the trial judge would not have fulfilled his duty in this regard merely by sending the information out with the jury to read if they chose to do so, during their deliberations. For not only are counsel and the defendant entitled to hear the instructions in order that they may, if they are incorrect, object to them and secure their prompt correction by the trial judge, but it is equally important to make as certain as may be that each member of the jury has actually received the instructions.. It is therefore essential that all instructions to the jury be given by the trial judge orally in the presence of counsel and the defendant. We conclude that the failure in the present case to instruct the jury upon the elements of the crime was error.

■ Since the cause must be remanded for a new trial we pass with but few comments the additional errors assigned. Most significant is the contention that the first five counts of the information charge the same offense and consequently that the imposition of a sentence of one year upon each count, to run consecutively, was error because it subjected the defendant to double punishment for one crime. Although there is some uncertainty as to whether the imposition of two sentences for one crime amounts to double jeopardy and a violation of the Fifth Amendment of the Constitution[6] it is beyond argument that such a sentence is invalid when not authorized by statute.[7]

■ It is well settled that a statute may define the separate steps in a single transaction as distinct offenses so that the same conduct may furnish the basis for separate charges for which separate punishments may be imposed.[8] To determine whether the offenses are the same the test is whether each count requires proof of a fact which the others do not.[9] Applying this test to the general ration orders alleged in the information to have been violated by the defendant, we conclude that the same evidence which would support a conviction upon any one of the first four counts would also support a conviction upon all of those counts. It follows that the first four counts charge but one offense and that a conviction upon all four counts will justify but one punishment. Counts V and VI, however, charge separate offenses.

The judgment is reversed and the cause is remanded with directions to proceed in conformity with this opinion.

---

5 By this we do not mean that the trial judge is to give the jury an abstract dissertation on the law but rather a statement of the legal principles which are applicable to the facts which the pleadings and evidence in the case under consideration tend to establish. See Bishop's New Criminal Procedure, Volume 1, pp. 602, 603, Sec. 978.

6 That double punishment is not double jeopardy see Holiday v. Johnston, 1941, 313 U.S. 342, 349, 350, 61 S.Ct. 1015, 85 L.Ed. 1392. But see Ex parte Lange, 18 Wall. 163, 21 L.Ed. 872; United States v. Benz, 1931, 282 U.S. 304, 307, 51 S.Ct. 113, 75 L.Ed. 354.

7 Braverman v. United States, 1942, 317 U.S. 49, 63 S.Ct. 99, 87 L.Ed. 23.

8 Gavieres v. United States, 1911, 220 U.S. 338, 31 S.Ct. 421, 55 L.Ed. 489; Morgan v. Devine, 1915, 237 U.S. 632, 35 S.Ct. 712, 59 L.Ed. 1153.

9 Blockburger v. United States, 1932, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306.