Joseph Earl WILDER, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 16413.

United States Court of Appeals
Fifth Circuit.

July 16, 1957.

Wayne E. Ripley, Jacksonville, Fla., for appellant.

E. Coleman Madsen, Asst. U. S. Atty., Jacksonville, Fla., and James L. Guilmartin, U. S. Atty., Southern Dist. of Florida, Miami, Fla., for appellee.

Before RIVES and CAMERON, Circuit Judges, and DAWKINS, District Judge.

BENJAMIN C. DAWKINS, Sr., District Judge.

In the indictment it is charged that Joseph Earl Wilder and Robert Dempsey McSwain, " * * * did possess 90 gallons of distilled spirits * * * " in violation of Sec. 5008 of Title 26 U.S.Code. In the first trial McSwain was convicted, the jury could not agree as to Wilder and a mistrial was entered. On a second trial November 13, 1956, after deliberating approximately three hours, the jury first reported as follows:

"We, the jury, find the defendant, Joseph Earl Wilder, guilty as charged in aiding and abetting the indictment."

Thereupon, the record discloses the following took place:

"The Court:

Gentlemen, I am going to ask that you go back and return another verdict in this case. The intent of the verdict is reasonably clear, but the verdict should read 'Guilty as Charged', rather than the additional language in here. I will file this verdict. Counsel may examine it after you retire. The finding should be 'Guilty as Charged' and not with the added words that are put in here. In other words, as I understand you —as I understand this verdict—I don't mind reading it out. The verdict reads: 'We, the Jury, find the defendant, Joseph Earl Wilder, Guilty as Charged in aiding and abetting'—that is added in there between the word 'Count', which has been stricken. But that was already stricken?

"The Clerk:

"Yes, Sir.

"The Court:

" 'As charged in' and 'the indictment.' If it is your finding that Mr. Wilder is guilty of possession of the contraband whiskey as charged in the indictment by reason of his having aided and abetted the other person in violation of the law about possession, you simply make that finding known by finding him guilty as charged in the indictment. So I am going to file this verdict and ask that

you go back for further consideration of the verdict.

"Mr. Ripley: (Counsel for Wilder)

"May it please the Court, comes now the defendant, Joseph Earl Wilder, and takes exception to the last charge in the remarks of the Court, in that the Court did not charge them that if they did not find him guilty of possession of liquor, that the jury could find the defendant not guilty of the possession of the whiskey, as well as the one which the Court emphasized.

"The Court:

"You can inspect that verdict. They said they found him guilty of aiding and abetting. My instruction to them was that if they intended to find him guilty as charged in the indictment by reason of his having aided and abetted the other person, McSwain, in violation of the statute, that they should indicate that by a verdict finding him guilty as charged in the indictment.

"Now, do they still have the other blank form of verdict?

"The Clerk:

"Yes, Sir.

"The Court:

"You gave them the blank form of verdict back?

"The Clerk:

"I gave them the blank Not Guilty back and I made out a duplicate—

"The Court:

"They still have a blank form of the Not Guilty verdict which they may use under the previous instructions?

"The Clerk:

"Yes, Sir.

"The Court:

"All right. You may recess, please, and return with one of these verdicts.

"* * * Thereupon the Jury retired to the Jury room to deliberate their verdict."

It thus appears that what is quoted above occurred in the presence of the Jury in which they were, in effect, told that they could, if they wished, still render a verdict of not guilty, although they were not again explicitly charged that they might do so. In the general charge this had been made clear.

"Now, I have here two forms of verdict that will be sent out with you gentlemen. One of them is to be used in the event that you find that the Government has proved Mr. Wilder's guilt beyond a reasonable doubt. That says: 'We, the Jury, find the defendant, Joseph Earl Wilder, Guilty, as charged in the indictment. So Say We All.' And there's a blank line for signature as Foreman.

"And the second one is in the event that you find that the Government has failed to establish his guilt beyond a reasonable doubt. That simply says: 'We, the Jury, find the defendant, Joseph Earl Wilder, Not Guilty. So say we All.' And a blank line for signature as Foreman."

When the Jury came in a second time, the record discloses the following:

"* * * The Jury returned to the Court room and were reseated in the Jury box.

"The Court:

"Do you have another verdict there, Mr. Lindquist?

"Foreman Lindquist:

"I do.

(Hands verdict to Clerk.)

"The Clerk:

"Gentlemen, please stand and harken to your verdict. 'We, the Jury, find the defendant, Joseph Earl Wilder, Guilty as Charged in the Indictment. So say we All. Signed, Carl Lindquist, Foreman.' Be seated.

"The Court:

"Gentlemen, thank you for your service in the matter. You are discharged from further consideration of this case."

Appellant assigns two points as alleged errors:

(1) "Is the prejudicial and inflammatory argument of the Prosecuting Attorney, based upon what the Prosecuting Attorney said the Court told the Jurors on their voir dire, viz.: 'That the Court has told you substantially in qualifying the Jurors on their voir dire the law enforcement in any community is no higher nor no lower than the standards required by verdict of Jurors empaneled to try the case', which essentially tells the Jurors to disregard the testimony, bring in a verdict of Guilty simply because the Court feels that way, reversible error?"

(2) "Is it error for the Court to instruct the Jury, after they have considered the case for approximately three hours, and they have returned a verdict which is not in conformity with the two handed them by the Clerk, and instructed that they may bring in one of two verdicts to instruct the Jury * * * *", as above quoted from the record?

---

1. "That the Court erred in permitting the attorney for the Government to argue inflammatory and prejudicial statements to the jury, and in quoting 'That the Court had told you substantially in qualifying the jurors on their voir dire that the law enforcement in any community is no higher nor no lower than the standards required by verdict of jurors impaneled to try the case', which was an indication that the Court had given to said jurors as they were qualified, some statement to the effect that they should convict rather than try the issues upon the merits and the law."

2. "The record does not contain any of the argument. Therefore, the exact words of both parties in the argument cannot

Point No. 1.—The argument of counsel was not reported, and all that appears in the record on the first point is found in paragraph 6 of the Motion for a New Trial.[1] This motion was filed November 19, 1956 and was overruled on the 30th day of that month, without comment from the Court or verification otherwise of language used by the District Attorney. However, in the brief, Appellee's version of what took place is stated.[2]

Therefore, for this Court to consider the matter, we would have to assume, without a supporting record that the language was correctly quoted and then find it fatally prejudicial. In passing, however, it may be said that if we accepted the language quoted in the Motion literally, the Court's remarks having been made in qualifying all of the Jurors on voir dire, were no part of the charge in this particular case. If we so accept then, we must also include Appellee's assertion that the Judge stopped counsel when objection was made and instructed the Jury to disregard that part of the argument. If this is done, the point is without merit. Otherwise the Court's charge covered the law of the case fully, fairly and impartially, and there was no further exception.

Point No. 2—Neither do we think there was error in the course pursued when the first purported verdict was

---

be determined. The government prosecutor stated in his argument in words not exactly similar to those quoted by appellant, that he wanted the jury to remember the Judge's statement made on their Voir Dire examination, to be impartial, and to try the case on the facts and the law given them and that the degree of justice was no higher or lower in our community than the standards of the jurors trying the case. The Court stopped prosecutor at this point and suggested it was not proper to restate what the Court had already said to the entire panel on their Voire Dire and which had no bearing on this particular case. Needless to say, the prosecutor never mentioned that subject again."

brought in. It was both not responsive to the one count indictment and was also unintelligible. There was no charge of aiding and abetting, but simply of possessing "moonshine" whiskey. Nor could there be any " * * * aiding and abetting the *indictment*." At the same time, it was clear that the jury intended to convict and not to acquit Wilder by name, for the language, as far as it was intelligible was: "We * * * find * * * the defendant * * * Wilder, Guilty, as Charged * * *." The confusion arose evidently from not fully understanding that they could convict of possession where the proof showed aiding and abetting by Appellant in furnishing facilities, authorizing expenditures, in connection with a vat, which is part of a still, and guiding customers to the place where the product of those joint activities could be purchased. In other words the evidence was ample to support the conviction of Wilder.

As stated above, the Court had already in the general charge instructed that the burden of proof was upon the prosecution and guilt had to be shown beyond a reasonable doubt, or it was their duty to acquit. They were provided with forms of verdict both of guilty and not guilty, which they took back to the Jury room after the first report and had been told plainly that they could return either. In this situation, and it appearing clearly that they intended to convict the accused, it was not necessary to repeat the former charge in full.

Without finding it necessary to analyze the cases cited by appellant, to-wit: United States v. Di Matteo, 3 Cir., 169 F.2d 798, 799; Gray v. United States, 8 Cir., 174 F.2d 919; United States v. Noble, 3 Cir., 155 F.2d 315; Quercia v. United States, 289 U.S. 466, 53 S.Ct. 698, 77 L.Ed. 1321, and Bollenbach v. United States, 326 U.S. 607, 66 S.Ct. 402, 90 L. Ed. 350 for the reason none of them support Appellant's contention under the facts of this case, the judgment is

Affirmed.