365 F.2d 282
 UNITED STATES of America, Plaintiff-Appellee,
v.
George William HENSON, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles V. WHEELER, Defendant-Appellant. UNITED STATES of America, Plaintiff-Appellee,
v.
Harold Bruce STATON, Defendant-Appellant.
 Nos. 16812-14.
 United States Court of Appeals Sixth Circuit.
 August 30, 1966.
 Certiorari Denied December 5, 1966.
 
 See 87 S.Ct. 513.
 Ray C. Lewis, of Lewis & Weaver, London, Ky., for appellant, Henson.
 Richard E. Vimont, Lexington, Ky., for appellant, Wheeler, James G. Amato, Lexington, Ky., on the brief.
 Lowell W. Lundy, Pineville, Ky., for appellant, Staton.
 Moss Noble, Asst. U. S. Atty., Lexington, Ky., for appellee, George I. Cline, U. S. Atty., Lexington, Ky., on the brief.
 Before WEICK, Chief Judge, CELEBREZZE, Circuit Judge, and CECIL, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendants-Appellants, George William Henson, Charles V. Wheeler, and Harold Bruce Staton, were jointly indicted and convicted of conspiracy to sell counterfeit currency in violation of Title 18 U.S.C. Sections 472 and 473.
 
 
 2
 The evidence disclosed the following pertinent facts: On September 23, 1964, George Henson and Charles Wheeler asked one Dave Burton if he could find a buyer for $25,000. of counterfeit ten and twenty dollar bills. Two counterfeit ten dollar bills were left with Burton as samples. Burton then disclosed the plan to the police.
 
 
 3
 Henson and Wheeler also contacted one Doyle Couch in an attempt to sell counterfeit money to him. Couch was not interested and after Wheeler and Henson left he called the police giving them a description of the two men and the car they were travelling in. The police found the automobile being driven by Henson, with Wheeler riding as a passenger. The police chased the Henson automobile for two miles before it was finally stopped. No counterfeit currency was found in the automobile, but a truck driver picked up counterfeit bills scattered along the highway.
 
 
 4
 On November 5, 1964, a meeting was arranged with Burton and a buyer for the counterfeit money. Burton and a special agent met Wheeler and Staton at a motel. When the counterfeit money was delivered to the special agent, police officers arrested Wheeler and Staton.
 
 
 5
 Several grounds for reversal are urged by the Appellants. First it is argued that the trial court erred in sustaining the judgment of conviction upon an indictment which charged one conspiracy where the proof showed two conspiracies. In Kotteakos v. United States, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946), the variance of proving several conspiracies was held to be prejudicial. The Court stressed the crucial fact that thirty-two persons were named in the indictment and nineteen were brought to trial. The only common factor was the defendant Brown who acted as broker for the other defendants. Most of the defendants did not have any relationship or connection with any of the other defendants. Here the defendants were acting together in a common scheme. Only three defendants were indicted. See Berger v. United States, 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314 (1935). No surprise was claimed, and we see no prejudicial error resulting to the defendants.
 
 
 6
 Error is claimed in the testimony of Trooper Walton who testified that Defendant Wheeler admitted he threw money out of the car during the time he was being chased by Walton. No objection was raised at the time this evidence was introduced. Later, however, the statement was objected to, and the Court instructed the jury to disregard the testimony, stating:
 
 
 7
 "Members of the jury, shortly before the recess of the court on yesterday the witness for the United States, Freddie Walton, a trooper with the Kentucky State Police, testified with reference to a statement made by the defendant, Charles V. Wheeler, said statement having been made on October 8, 1964, relative to certain counterfeit currency. Motion was made to exclude this testimony from the consideration of the jury. The Court heard the evidence in regard to that matter out of the presence and hearing of the jury and, having heard the evidence, the Court sustained the motion. The jury is admonished not to consider for any purpose the statement made by Trooper Freddie Walton of the Kentucky State Police with reference to a statement made by the defendant, Charles Wheeler, on October 8, 1964 relative to this alleged counterfeit currency. Do not consider that for any purpose."
 
 
 8
 We find that the Court's admonition to the jury was sufficient to protect the defendant's rights and no prejudicial error resulted.
 
 
 9
 The jury returned a verdict finding the defendants guilty of certain overt acts charged in the indictment. The Court, after instructions, re-submitted the case to the jury to place their verdicts in the proper form. No objection was raised by the defendants and we find this procedure was proper.
 
 
 10
 The Court has the power, before accepting a verdict and discharging the jury to permit the jury to correct a mistake in the verdict. Helms v. United States, 310 F.2d 236 (C.A.5, 1962); Wilder v. United States, 246 F.2d 186 (C.A. 5, 1957); Firemen's Insurance Company of Newark, New Jersey v. Craigie, 298 F.2d 457 (C.A.8, 1962).
 
 
 11
 We have examined the other claimed errors raised by the Appellants and find them to be without merit. The judgments of the District Court are affirmed.