Zahra, J. (concurring in part and dissenting in part).
**44 The majority holds that MCR 2.512 and MCR 2.513 require a trial court to orally deliver final instructions to the jury after the parties' closing arguments have been made or waived. As a matter of sound policy and practice, I believe Michigan courts should instruct jurors orally and provide jurors written copies of all applicable instructions before they commence deliberations. But the majority's holding is not based on any explicit directive in the court rules. Rather, the majority infers this purported mandate from the syntax of the surrounding text of the pertinent rules. Because the plain language of these rules does not support the proposition that a trial court is required to read aloud the final jury instructions, as opposed to provide the jurors with written instructions, I respectfully dissent.
*270 This Court applies the same legal principles of interpretation and construction applicable to statutes when it construes court rules.[1] Accordingly, we begin by examining the plain language of the rule.[2] In doing so, we must give effect to every word, phrase, and clause in a court rule, and, in particular, consider the plain meaning of the critical word or phrase to avoid rendering any part of the rule nugatory or surplusage if at all possible.[3] If a word or phrase is undefined and lacks a unique legal meaning, it must be accorded its plain and **45 ordinary meaning, for which a lay dictionary may be consulted.[4] There is no need for judicial construction or interpretation if the court rule is unambiguous; the plain meaning of the rule must be enforced as written.[5]
MCR 2.512 (entitled "Instructions to Jury") and MCR 2.513 (entitled "Conduct of Jury Trial") set forth the procedures as they pertain to the trial court delivering jury instructions. In particular, MCR 2.512(B) provides as follows:
(1) At any time during the trial, the court may, with or without request, instruct the jury on a point of law if the instruction will materially aid the jury in understanding the proceedings and arriving at a just verdict.
(2) Before or after arguments or at both times, as the court elects, the court shall instruct the jury on the applicable law, the issues presented by the case, and, if a party requests as provided in subrule (A)(2), that party's theory of the case.[6 ]
Further, MCR 2.513(N) provides, in pertinent part:
(1) Before closing arguments, the court must give the parties a reasonable opportunity to submit written requests for jury instructions. Each party must serve a copy of the written requests on all other parties. The court must inform the parties of its proposed action on the requests **46 before their closing arguments. After closing arguments are made or waived, the court must instruct the jury as required and appropriate, but at the discretion of the court, and on notice to the parties, the court may instruct the jury before the parties make closing arguments. After jury deliberations begin, the court may give additional instructions that are appropriate.
(2) Solicit Questions about Final Instructions. As part of the final jury instructions, the court shall advise the jury that it may submit in a sealed envelope given to the bailiff any written *271 questions about the jury instructions that arise during deliberations. Upon concluding the final instructions, the court shall invite the jurors to ask any questions in order to clarify the instructions before they retire to deliberate.
* * *
(3) Copies of Final Instructions. The court shall provide a written copy of the final jury instructions to take into the jury room for deliberation. Upon request by any juror, the court may provide additional copies as necessary. The court, in its discretion, also may provide the jury with a copy of electronically recorded instructions.
MCR 2.512(B)(2) requires that the trial court "instruct the jury on the applicable law, the issues presented by the case, and, if a party requests as provided in subrule (A)(2), that party's theory of the case."[7] MCR 2.513(N)(1) similarly requires that the trial court "instruct the jury as required and appropriate" after closing arguments have been made or waived.[8] The principal term of interest in both of these rules is "instruct," which Merriam-Webster's Collegiate Dictionary defines as "to provide with authoritative information **47 or advice."[9] In according the transitive verb "instruct" its plain and ordinary meaning, the court rules only require that the trial court provide the jury with authoritative information or advice as required and appropriate, which would include the applicable law, the issues presented by the case, and, perhaps, a party's theory of the case. These rules do not, however, require any particular method for delivering this information; a trial court can provide authoritative information in either oral or written form.
As plainly written, the court rules provide trial courts with the flexibility needed to accommodate all qualified jurors, especially those who may have impairments or disabilities. On the one hand, if the jury includes one or more members who are visually impaired, an oral recitation of the final jury instructions would be appropriate and necessary for the trial court to properly discharge its duty to instruct the jury. On the other hand, if the jury includes one or more members who are hearing impaired, oral instructions would most likely be inadequate, and written instructions **48 would be appropriate to accommodate the needs of those jurors.[10] It is precisely this sort of flexibility that complements and accommodates the ever-increasing diversity of juries. *272 Nevertheless, the majority surmises that the contextual cues in the surrounding text of MCR 2.513 justify its conclusion that the court rules require a trial court to orally deliver final jury instructions. For instance, the majority examines the language in MCR 2.513(N)(2), which states that "[u]pon concluding the final instructions, the court shall invite the jurors to ask any questions in order to clarify the instructions before they retire to deliberate." According to the majority, this language suggests that the trial court must read aloud from the final instructions because the jury would be incapable of asking clarifying questions without those oral instructions. I disagree.
The phrase "[u]pon concluding the final instructions" is a prepositional gerund phrase, insofar as the gerund phrase "concluding the final instructions" is serving as the object of the preposition "[u]pon."[11]
**49 Although a gerund functions as a noun, a prepositional gerund phrase may function as a noun, adjective, or adverb.[12] In this context, the phrase serves an adverbial function; it is addressing when the court must invite questions from jurors to clarify any of the final instructions. To avoid confusion, a prepositional gerund phrase should be written in a way that it logically agrees with the subject of the sentence. Thus, the majority is correct in suggesting that one logical reading of this sentence would have the court orally concluding the final instructions, after which the court is then required to invite questions from the jurors. But because participles and gerunds are often misplaced, I am not confident that this is the only logical reading of this sentence. For instance, when the jurors and the trial judge each have their own individual copy of the written jury instructions, this sentence could be read as both the court and the jurors functioning as the subjects of "concluding." In other words, once the court and the jurors have finished reading the instructions, MCR 2.513(N)(2) simply requires that the court then invite the jurors to ask any clarifying questions that they may have regarding those instructions.[13] Because this sentence itself could be improved upon to clarify the subject of the prepositional gerund phrase, I believe **50 the weight given to the majority's implication drawn from this particular contextual cue is minimal and does not necessarily *273 suggest that a trial court is required, in all instances, to orally deliver final jury instructions.[14]
The majority also looks to MCR 2.513(N)(3), which requires that the trial court "provide a written copy of the final jury instructions to take into the jury room for deliberation." According to the majority, providing a written copy of the instructions for the jurors to take with them into the jury room suggests that the instructions were originally delivered orally. The majority also believes that the sentence in this subrule that a trial court "also may provide the jury with a copy of electronically recorded instructions" suggests that the initial instructions were provided orally. I disagree for two reasons.
First, this subrule does not require that a trial court read the instructions aloud. Rather, it speaks only to what is required of the trial court in regard to what jurors may take with them into the jury room when deliberating. In other words, it addresses what is required after the trial court provides the final jury instructions following closing arguments and would apply regardless of whether those instructions were provided in oral or written form.[15] Thus, this subrule **51 would be consistent with providing each juror their own copy of the written instructions, having jurors read those instructions to themselves, having the jurors ask any questions for clarification, and then having the jurors take a single copy of those instructions with them into the jury room when they retire to deliberate.
Second, providing the jurors with a copy of the instructions for reference during deliberations means that jurors are not required to remember every single instruction. Returning to my earlier discussion of a visually impaired juror, however, a copy of the written instructions would not serve this purpose. Accordingly, allowing the option for an "electronically recorded" version of the instructions would serve the same purpose of a written copy of the instructions, thereby enabling a visually impaired juror to refer to those instructions during deliberation.
Next, the majority claims that the language of MCR 2.513(A) -which governs preliminary instructions and states that the trial court "shall provide the jury with pretrial instructions reasonably likely to assist in its consideration of the case" and "shall provide each juror with a copy of such instructions"-indicates that the trial court orally instructed the jury in the first instance. Not surprisingly, I disagree with this assertion. The plain language of this subrule simply requires the trial court to provide pretrial instructions to the jury and makes clear that each juror is entitled to his or her own individual copy of those instructions. There is nothing in this rule to suggest that preliminary instructions must be delivered orally, let alone that oral delivery of the final jury instructions is required.
**52 Finally, going beyond MCR 2.512 and MCR 2.513, the majority relies on a court rule that governs the preparation of briefs *274 and appendixes for calendar cases to be argued in this Court for further support for its conclusion that a trial court is required to read final jury instructions out loud. Specifically, MCR 7.312(D)(2)(e) addresses the contents of an appellant's appendix, which must contain "any relevant portions of the transcript, including the complete jury instructions if an issue is raised regarding a jury instruction." In order for the jury instructions to become part of a transcript, says the majority, those instructions must have been first read aloud and then transcribed. But this does not mean that the jury instructions must be given orally. Rather, if written instructions were provided to the jurors, they would be a "relevant portion[ ] of the ... record" required to be included in the appendix under MCR 7.312(D)(2)(d).
For these reasons, I am not willing to make the same interpretative leap the majority does to read into the plain language of MCR 2.512 and MCR 2.513 a requirement that the trial court must orally deliver final jury instructions. That being said, I believe it makes eminent sense to amend the court rules to require a trial court to provide both an oral recitation and written copies of the final jury instructions. But until such an amendment comes to fruition, I must respectfully dissent.
Viviano, J. (dissenting in part and concurring in part ).
The majority holds that MCR 2.512 and MCR 2.513 require a trial court to orally instruct juries. Although I believe wholeheartedly that trial courts should provide oral instructions to juries, I disagree that such a requirement can be gleaned from our rules **53 in their present form.[1] Therefore, I respectfully dissent from the majority's conclusion to the contrary.
I agree with the majority that "[n]either MCR 2.512 nor MCR 2.513 expressly states whether instructions must be provided orally...."[2] But I disagree that such a requirement arises contextually from our court rules. The majority first examines MCR 2.513(N)(2), which provides that "[u]pon concluding the final instructions, the court shall invite the jurors to ask any questions in order to clarify the instructions before they retire to deliberate." I agree with the majority that the rule suggests a sequence of events in which the instructions are presented to the jurors, who can then ask clarifying questions. But nothing indicates that the first step in the sequence must be oral jury instructions; the trial court could just as well provide written instructions for the jury to read before the jurors are invited to ask questions.
The majority also scrutinizes MCR 2.513(A) and MCR 2.513(N)(3), which require the trial court to provide each juror with a copy of certain preliminary instructions at the beginning of the trial and the entire jury with a copy of the final jury instructions to take into the jury room for deliberation. According to the majority, these rules "suggest[ ] strongly that the initial act of instructing the jury is undertaken orally."[3] I do not see how, since nothing indicates that the first version of *275 the instructions-from which copies are provided-needs to be oral. **54 Even less convincingly, the majority relies on court rules providing what is required to file an appeal-rules that quite explicitly do not govern the conduct of a jury trial. Regardless, these rules do not aid our inquiry because while jury instructions read aloud to the jury would become part of the transcript needed for an appeal, so too could the trial court mark as an exhibit a copy of the written instructions provided to the jurors, which would then become a "relevant portion[ ] of the ... record" required to be included in the appendix under MCR 7.312(D)(2)(d).[4]
As I noted at the outset, and despite the foregoing analysis, I strongly believe we should amend our court rules to require trial courts to provide juries with oral instructions. This is already the dominant practice, and has been for some time.[5] Indeed, the federal circuit courts have held that the failure to orally instruct a jury is error.[6] The Third Circuit has explained why this is so:
**55 For not only are counsel and the defendant entitled to hear the instructions in order that they may, if they are incorrect, object to them and secure their prompt correction by the trial judge, but it is equally important to make as certain as may be that each member of the jury has actually received the instructions. It is therefore essential that all instructions to the jury be given by the trial judge orally in the presence of counsel and the defendant. We conclude that the failure in the present case to instruct the jury upon the elements of the crime was error.[7 ]
Several courts in other states have also held the same.[8]
In 2011, the rules governing the conduct of jury trials in Michigan were amended to incorporate many of the jury reform principles *276 tested in the Court's two-year jury reform pilot project.[9] Under the former jury instruction rule, supplemental written instructions were permitted but not required.[10] As noted above, the current rule now requires that additional written or electronic copies be provided to jurors at the beginning and end of the trial. I believe the purpose of this reform was to require the trial court to supplement the traditional verbal instructions with a written copy **56 to improve juror comprehension.[11] Unfortunately, the language of the rule does not make this intention explicit. And "[i]t is the law that governs, not the intent of the lawgiver."[12] Accordingly, I respectfully dissent from the majority's holding that oral jury instructions are required.[13]

Ligons v. Crittenton Hosp. , 490 Mich. 61, 70, 803 N.W.2d 271 (2011) ; see also People v. Duncan , 494 Mich. 713, 723, 835 N.W.2d 399 (2013).

Duncan , 494 Mich. at 723, 835 N.W.2d 399.

Accord SBC Health Midwest, Inc. v. Kentwood , 500 Mich. 65, 70-71, 894 N.W.2d 535 (2017) ; In re McCarrick/Lamoreaux , 307 Mich. App. 436, 447, 861 N.W.2d 303 (2014) ; State Bd. of Ed. v. Houghton Lake Community Sch. , 430 Mich. 658, 671, 425 N.W.2d 80 (1988).

See Duncan , 494 Mich. at 723, 835 N.W.2d 399 ("The Court may refer to dictionaries to aid in discerning the plain meaning of a rule.").

Id .

MCR 2.512(A)(2) provides: "In addition to requests for instructions submitted under subrule (A)(1), after the close of the evidence, each party shall submit in writing to the court a statement of the issues and may submit the party's theory of the case regarding each issue. The statement must be concise, be narrative in form, and set forth as issues only those disputed propositions of fact that are supported by the evidence. The theory may include those claims supported by the evidence or admitted."

Emphasis added.

Emphasis added.

Merriam-Webster's Collegiate Dictionary (11th ed.), def. 2. The transitive verb "instruct" is also defined as "to give knowledge to," id ., def. 1, and "to give an order or command to," id ., def. 3. A court's selection of the proper definition must be guided by the context of the rule in which the term appears. See People v. Shami , 501 Mich. 243, 254 n. 30, 912 N.W.2d 526 (2018). Therefore, it is important to recognize that the term "instruct" in this context is used to describe the trial court's responsibility with regard to the jury after closing arguments. Because the dictionary uses "the judge instructed the jury" as an example for the definition of "to provide with authoritative information or advice," id ., def. 2, I believe it is the most appropriate definition for determining the plain and ordinary meaning of "instruct" in MCR 2.513(N)(1). Relatedly, Black's Law Dictionary defines the phrase "jury instruction" as a "direction or guideline that a judge gives a jury concerning the law of the case." Black's Law Dictionary (10th ed.). This definition similarly does not dictate oral over written transmission of jury instructions.

Another reasonable accommodation might involve providing the juror with a sign language interpreter. See Frank & Aleinikoff, Juries and the Disabled , The Federal Lawyer (Dec. 2012), pp. 35-36.

Although a present participial phrase and a gerund phrase both include a verb that ends in -ing , there is a distinction between the two. On the one hand, a gerund is a verb that functions as a noun, thereby occupying some positions in a sentence that a noun ordinarily would (e.g., subject, direct object, subject complement, and object of a preposition). See Strunk & White, The Elements of Style (4th ed.), pp. 12-13, 55-56; see also The Chicago Manual of Style (16th ed.), Rule 5.109 to Rule 5.111. A present participle, on the other hand, is a verb that functions as an adjective. See Strunk & White, The Elements of Style , pp. 13-14, 93. Accordingly, the difference between participles and gerunds turns on their function. A present participial phrasing of MCR 2.513(N)(2) looks very similar to the current language of the subrule and would appear as follows: "Concluding the final instructions, the court shall invite the jurors to ask any questions in order to clarify the instructions before they retire to deliberate." For this iteration, "concluding" is the present participle and serves the function of an adjective, which then raises the question whether "concluding" is modifying the noun "court," the noun "jurors," or both.

The Chicago Manual of Style , Rule 5.173.

The majority also posits that the phrase "[u]pon concluding" communicates a "temporal sequence" that would only make sense in the context of oral instructions. Ante at 266. But jurors reading to themselves from written instructions would also have a temporal sequence because reading has "some beginning, middle, and ending," ante at 266, such that the trial court would still be able to invite clarifying questions after the jurors had completed reading the written instructions.

The majority claims that permitting jurors to read instructions to themselves would be inconsistent with the purposes of our court rules because, without "oral guidance" from the court, written instructions would not "advance 'the just, speedy, and economical determination of' a case." Ante at 266 n. 4, quoting MCR 1.105. I question, however, how much "guidance" or "advice" a court is actually providing when it simply reads aloud from the same instructions the jurors could read for themselves.

For this reason, written instructions would not render this subrule surplusage, as the Court of Appeals majority suggested. See People v. Traver , 316 Mich. App. 588, 597, 894 N.W.2d 89 (2016).

Several years ago, at my urging, the Court opened an administrative file to consider amending MCR 2.513 to clarify that trial courts must provide juries with oral instructions. I believe we should act with dispatch to clarify our rules to clearly require that jury instructions must be provided orally.

Ante at 264-65.

Ante at 266-67.

For good measure, the majority posits that permitting jurors to read instructions to themselves would be inconsistent with the purposes of our court rules because, without "oral guidance" from the court, written instructions would not "advance 'the just, speedy, and economical determination of' a case." Ante at 266 n. 4, quoting MCR 1.105. However, this rule is aspirational in nature and does not provide much assistance to our textual analysis of the governing rules.

See Guam v. Marquez , 963 F.2d 1311, 1314 (C.A. 9, 1992) ("[T]rial judges and litigators have always assumed that jury instructions must be oral."). See also United States v. Robinson , 724 F.3d 878, 887 (C.A. 7, 2013) ("Our criminal justice system has relied on oral jury instructions since its inception...."), citing Marder, Bringing Jury Instructions Into the Twenty-First Century , 81 Notre Dame L. Rev. 449, 490-510 (2006).

See, e.g., United States v. Noble , 155 F.2d 315, 318 (C.A. 3, 1946) (holding that the trial court's failure to orally instruct the jury on the elements was error); United States v. Perry , 375 U.S. App. D.C. 238, 479 F.3d 885 (2007) (same); Marquez , 963 F.2d at 1314-1315 ("[A]ll jury instructions must be read aloud to the jury in the presence of counsel and the defendant."); Robinson , 724 F.3d at 887-888 ("[A] trial judge commits error if she fails to read aloud jury instructions in their entirety.") (quotation marks and citation omitted); see also 2A Wright & Miller, Federal Practice & Procedure (4th ed.), § 483, p. 421 ("All instructions to the jury ... must be announced orally by the judge.").

Noble , 155 F.2d at 318. Notably, the court concluded that the trial judge would not have fulfilled his duty even if written instructions provided to the jury had fully recited all applicable legal principles. Id .

See, e.g., State v. Lamb , 541 N.W.2d 457, 462 (N.D., 1996) (holding that the court must read oral instructions to the jury). Accord State v. Lindsey , 245 N.J. Super. 466, 470-471, 586 A.2d 269 (App.Div.1991) ; State v. Iosefa , 77 Hawai'i 177, 184, 880 P.2d 1224 (1994) ; State v. Castoreno , 255 Kan. 401, 411-412, 874 P.2d 1173 (1994).

See 489 Mich. clxxvi, cxcvi (2011) (staff comment).

See MCR 2.516(B)(5), as amended June 2, 1998, 457 Mich. xcvi (1998).

See, e.g., Robinson , 724 F.3d at 887-888 ("Our criminal justice system has relied on oral jury instructions since its inception, and while there is ample evidence that the increasingly common use of supplementary written instructions can help jurors understand difficult legal concepts, a trial judge commits error if she fails to 'read aloud jury instructions in their entirety[.]' ") (citations omitted). See also Elwork et al., Making Jury Instructions Understandable (Charlottesville: The Michie Company, 1982), p. 20 ("Several experimenters have shown that vocalization of written material facilitates memory. Thus, the ideal is to present material in both modes at the same time."), citing Murray, Vocalization at Presentation and Immediate Recall With Varying Methods , 18 Q. J. of Experimental Psychol. 9 (1966), and Tell & Ferguson, Influence of Active and Passive Vocalization on Short Term Recall , 102 J. of Experimental Psychol. 347 (1974).

Scalia, A Matter of Interpretation: Federal Courts and the Law (Princeton: Princeton University Press, 1997), p. 17.

Because I do not believe that our court rules presently require oral jury instructions, I would not address whether the court's failure to provide them is subject to a waiver analysis.