**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 23-2291 and 23-2292
_____

UNITED STATES OF AMERICA

v.

DEON REESE, a/k/a Dion Reese,
a/k/a Devon Lining, a/k/a Robert Washington,
Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2:08-cr-00016-001)
(D.C. No. 2:19-cr-00257-001)
District Judge: Honorable J. Nicholas Ranjan
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on January 21, 2025

Before: HARDIMAN, McKEE, and AMBRO, *Circuit Judges*.

(Filed: January 28, 2025)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Deon Reese appeals his judgment of conviction and sentence after a jury convicted him of robbery and firearm offenses. He also appeals the District Court's judgment revoking his supervised release based on those convictions. We will affirm.

I

While on supervised release for a firearm conviction, Reese was charged with four counts: (I) Hobbs Act robbery, 18 U.S.C. § 1951; (II) conspiracy to commit Hobbs Act robbery, *id.* § 1951; (III) possessing and discharging a firearm in furtherance of a crime of violence, *id.* § 924(c)(1)(A)(iii); and (IV) possession of ammunition as a felon, *id.* § 922(g)(1).

Before trial, the District Court explained to the parties how it would conduct voir dire. Prospective jurors would complete a written questionnaire and answer preliminary questions posed by the Court as a group in the courtroom. Those who answered "yes" to any question or who had information on their questionnaire that "warrant[ed] some additional explanation" would be asked to go to a conference room for individual follow-up questioning by the Court and counsel. App. 57. Neither party objected to the jury selection process.

The case was tried over four days, and after more than three hours of deliberation, the jury sent the Court three notes asking about the elements of Hobbs Act robbery. The Court responded by issuing written supplemental instructions to the jury. The Court did so after Reese's counsel said that he was "certainly fine with" that approach. App. 979.

The jury convicted Reese of Counts I, II, and III but acquitted him on Count IV. The District Court sentenced him to 271 months' imprisonment and five years' supervised release. The District Court revoked his supervised release on the earlier firearm conviction and sentenced him to 24 months' imprisonment to be served consecutive to the sentence for the new convictions. Reese filed these timely appeals.

## II[1]

## A

On appeal, Reese argues for the first time that the District Court's voir dire process violated his Sixth Amendment right to a public jury trial as explained in *United States v. Williams*, 974 F.3d 320 (3d Cir. 2020). We review his forfeited arguments for plain error. *Id.* at 340. He takes issue with the Court's decision to question prospective jurors in a private conference room after their initial responses required more examination. We perceive no constitutional violation.

As Judge Aldisert wrote in a similar case, Reese's new arguments on appeal are "classic sandbagging of the trial judge." *United States v. Bansal*, 663 F.3d 634, 661 (3d Cir. 2011). In *Bansal*, the defendant argued for the first time on appeal that voir dire procedures like those used by the District Court in this case violated the Sixth Amendment. *Id.* Here, as in *Bansal*, no one requested access to the closed room where the trial judge conducted follow-up voir dire. *Id.* It is true that the normal—and probably

---

[1] The District Court had jurisdiction under 18 U.S.C. §§ 3231 and 3583(e). We have jurisdiction to review the final judgments under 28 U.S.C. § 1291.

best—practice is for the trial judge to conduct follow-up voir dire at sidebar in open court. Yet "we are aware of no case holding" that the method of questioning employed here "offend[s] the Sixth Amendment." *Id.* Because no such case exists, even if the District Court's procedure were erroneous, such error could not have been plain. *See United States v. Olano*, 507 U.S. 725, 734 (1993).

Reese contends the District Court's error was plain because of *Williams* and *Presley v. Georgia*, 558 U.S. 209 (2010). But those cases do not control this one for a few reasons. The district court in *Williams* issued an order closing jury selection to the public. 974 F.3d at 337. And the trial court in *Presley* required the criminal defendant's uncle to leave the courtroom during jury selection over the objection of the defendant's counsel. 558 U.S. at 210. Both courts erred by failing to consider alternatives to closure. *Id.* at 216; *Williams*, 974 F.3d at 340, 346. Unlike those cases, here the District Court never issued an order closing voir dire to the public. And it conducted general voir dire in open court before asking individual follow-up questions in a private room. The material differences just noted show that *Williams* and *Presley* are not on point. So Reese cannot show that any error would have been plain.

B

Reese also argues for the first time that the District Court erred by issuing only written supplemental jury instructions. He correctly notes that, in a case involving initial jury instructions, we stated in an alternative holding that "[i]t is . . . essential that all instructions to the jury be given by the trial judge orally in the presence of counsel." *United States v. Noble*, 155 F.2d 315, 318 (3d Cir. 1946). But that case said nothing about

4

how the court should respond to questions from the jury. So the District Court's suboptimal choice here, if erroneous, was not plainly so. Moreover, Reese's counsel said he was "certainly fine with" the written-only response, App. 979, and raised no concerns about the delivery of the instructions while the jury was still deliberating. On these facts, we cannot say that any error would "seriously affect[] the fairness, integrity or public reputation of judicial proceedings," *Olano*, 507 U.S. at 732 (cleaned up).[2]

* * *

For these reasons, we will affirm the judgments.[3]

---

[2] Reese also argues that *Pinkerton* liability is unconstitutional, the Government failed to show that stealing drugs affected interstate commerce, and completed Hobbs Act robbery is not a crime of violence under 18 U.S.C. § 924(c)(3). As he concedes, these arguments are foreclosed by precedent. Reese has preserved these arguments for further review.

[3] Reese's challenges to his judgment on revocation of supervised release, at issue in Appeal No. 23-2291, required success on his appeal at No. 23-2292.